UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| ELBERT JERNIGAN, *et al.*, | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:09-CV-293 |
| | ) | | (VARLAN/GUYTON) |
| GAINEY TRANSPORTATION | ) | | |
| SERVICES, INC., *et al.*, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendants' Motion to Continue [Doc. 59] and defendants' Supplement to Defendants' Motion to Continue [Doc. 61] (together, the "motion to continue"). Plaintiffs filed a response in opposition [Docs. 64, 65]. Given that the trial of this case is scheduled for October 25, 2010, the Court deems it necessary to rule on the motion to continue before the time for filing a reply expires. Indeed, Local Rule 7.1(c) establishes that the filing of reply briefs is not a matter of right. It provides: "unless otherwise stated by the Court reply briefs are not necessary and are not required by the Court." E.D. TN. L.R. 7.1(c). For the reasons set forth below, the Court denies the motion to continue.

**I.     Relevant Procedural Background**

This case involves an accident between the plaintiffs' vehicle and a tractor trailer truck owned by defendant Gainey Transportation Services, Inc. ("Gainey") and driven by defendant Terence M. Dancey ("Dancey") [Docs. 1, 31]. Plaintiffs assert claims for common

law negligence and negligence per se, and seek both punitive and other damages [Doc. 1].

Two recently decided motions bear relevance to the motion before the Court. The first is defendants' motion to amend their answer [Doc. 24]. In the motion, defendants moved to amend their answer to assert an additional affirmative defense, namely comparative fault of plaintiff Elbert Jernigan [*Id.*]. In particular, the proposed amended answer asserted: (1) that plaintiff Elbert Jernigan is at least fifty percent at fault as a matter of law for the collision complained of in the complaint and (2) that plaintiff Elbert Jernigan's comparative fault should be considered by the jury [Doc. 25-4].

The second is plaintiffs' motion to shorten the time for defendants to respond to their request to produce documents and data [Doc. 52]. Plaintiffs filed the motion to obtain such in time for trial [*Id.*]. Plaintiffs stated that they submitted to defendants an additional request to produce documents and data on September 29, 2010, a day before the deadline for completing discovery, and asserted that there would be no burden on defendants in producing such as the sought-after documents and data were in defendants' possession [*Id.*].

Both motions were referred to the magistrate judge assigned to this case [Doc. 54]. After a hearing, the magistrate judge denied defendants' motion to amend and granted plaintiffs' motion to the extent that it requested defendants' time for responding be shortened [Docs. 57, 58].

With respect to the motion to amend, the magistrate judge found that defendants did not demonstrate good cause for amending their pleadings after the deadline for doing so had

expired and that there was no showing of excusable neglect for making the motion to amend out of time [Doc. 58]. Given that the motion to amend was filed approximately one month before the trial of the case and well after the deadlines for amending pleadings and disclosing experts had expired, the magistrate judge determined that allowing the amendment would prejudice plaintiffs and their trial preparation [*Id.*]

With respect to the motion to shorten the time to respond to plaintiffs' discovery request, despite defendants' objection that responding to the request would inhibit their trial preparation, the magistrate judge ordered that defendants would have up to and including October 18, 2010 to respond to the request for production [*Id.*].

## II. Defendants' Argument

In support of their motion to continue, defendants submit four reasons why the Court should grant a continuance. First, they argue that they need additional time to respond to plaintiffs' discovery request so that their ability to properly defend the case will not be impaired [Doc. 59].

Second, defendants argue that new evidence has revealed that defendants can assert comparative fault as an affirmative defense and a continuance is necessary so they can amend their answer accordingly [*Id.*]. In particular, defendants submit that they interviewed a third-party eyewitness for the first time after the Court's deadline for amending the pleadings [*Id.*]. Defendants aver that the third-party eyewitness provided information that plaintiff Elbert Jernigan was at fault because he pulled from the emergency lane shoulder onto the interstate in front of defendant Dancey at a speed of less than 40 miles per hour, and that this

was a violation of the Tennessee Code Annotated and the regulations of the Department of Safety, which, defendants contend, set 45 miles per hour as the minimum speed in the right hand land of interstate highways in Tennessee [*Id*.]. Defendants also submit that, after the expiration of the motion to amend deadline, they received the report of their expert, whose opinion is that plaintiffs' vehicle was operating with defective taillights and that such was a cause of the accident [*Id*.]. Finally, defendants point out that they only recently located defendant Dancey, whose deposition testimony corroborated the statement of the third-party eyewitness [*Id*.]. They submit that the information gathered from defendant Dancey at his deposition, that plaintiffs' vehicle did not have its lights on, did not have its emergency blinkers on, was pulling off the shoulder into the right hand land, and was going approximately 35 to 40 miles per hour, will need to be submitted and considered by defendants' expert in formulating his final opinions [Doc. 61]. Given this new evidence, defendants contend that "it would serve a great injustice in this case not to allow the jury to apportion the fault of the parties pursuant to the common law of the State of Tennessee" [*Id*.].

Third, defendants state that plaintiffs have refused to allow defendants entry upon their land to inspect their home, farm, and diesel storage tank(s) and to obtain samples of diesel from the tank of the vehicle which was involved in the underlying accident [*Id*.]. Defendants contend that such refusal constitutes an abuse of discovery and seriously hampers the defense of this lawsuit [*Id*.].

Fourth, defendants point out that plaintiffs previously requested an extension of deadlines in this litigation, which they did not oppose, and the Court granted such request [Doc. 59].

## III. Plaintiffs' Response

Plaintiffs oppose defendants' request for a continuance. As a general matter, they argue that defendants' arguments in support of a continuance "have either been previously rejected by the Court or . . . are without merit" [Doc. 64].

With respect to defendants' argument that additional time is needed to respond to plaintiffs' discovery request, plaintiffs argue that such is not the case. Plaintiffs provide that a discovery request was submitted to defendants on July 21, 2010, and that, because defendants did not respond for two months, plaintiffs scheduled a telephone conference with the magistrate judge assigned to this case [Doc. 65]. A conference was held on September 23, 2010 and the documents were produced thereafter [*Id.*].

Plaintiffs submit that, because the produced materials raised new issues, they submitted a "second but very limited set of discovery to the defendants" consisting of a total of four items [*Id.*]. According to plaintiffs, defendants have produced materials relating to two items and have responded that the materials relating to one item do not exist, thus leaving only one item for them to address: a request for one week of fuel receipts for the truck involved in the collision [*Id.*]. Plaintiffs argue that this request can be addressed by clerical staff and will not "deprive the defendants and their attorney from being able to prepare for trial" [*Id.*].

With respect to defendants argument that the trial should be continued because they only recently obtained the statement of an eyewitness, the expert report, and the statement of defendant Dancey and need to amend their answer, plaintiffs argue that these are the same arguments "made in their attempt to amend their answer" and should again be rejected [*Id*.]. Plaintiffs submit that the third-party eyewitness has been known to defendants since the date of the accident because his name and telephone number, all of which are still current, were listed on the accident report [*Id*.]. They also submit that defendants' expert was retained sometime prior to August 25, 2010 and had at least two months to prepare a report [*Id*.]. Finally, on this point, plaintiffs submit that the new information revealed by defendant Dancey is not new because defendants' expert report actually addressed such information [*Id*.]. Thus, plaintiffs argue, no additional time is needed for the expert to finalize his opinions [*Id*.].

With respect to defendants' argument that they need a continuance because plaintiffs have refused to allow defendants entry onto their land, plaintiffs argue that they allowed defendants' expert to visit their farm, take photographs, and fully inspect the truck that was involved in the accident [*Id*.]. In particular, plaintiffs submit that they allowed the expert to visit and examine such on August 25, 2010, before the discovery cutoff date [*Id*.]. Plaintiffs also submit that they refused the expert's request to return to their property to sample diesel fuel from their truck and storage tanks because the request came after the deadline for completing discovery, the request involves expert opinions not disclosed in defendants'

expert disclosures, and the purpose of doing so, to determine whether plaintiffs were using untaxed farm diesel at the time of the accident, is irrelevant to the case [*Id.*].

In light of these reasons, plaintiffs contend that defendants are trying only to "delay and impede an ultimate resolution of this matter" and request that the Court maintain the current trial date [*Id.*].

## IV. Analysis

Whether a continuance is warranted is committed to the discretion of the district court. *See Marquardt v. Joseph*, 173 F.3d 855, 1999 WL 196569, at *2 (6th Cir. Mar. 30, 1999) (unpublished). Pursuant to Local Rule 38.2, continuances will be granted only upon written motion with a supporting affidavit and a showing of good cause. E.D. TN. L.R. 38.2.

The Court finds that defendants have failed to demonstrate good cause. First, as plaintiffs point out, defendants have very little discovery remaining to be produced, if any by the date of this memorandum opinion and order. Second, the Court is not convinced at this time that the evidence upon which defendants seek to assert comparative fault is "newly discovered" or that it warrants a continuance so that defendants may amend their answer. Third, defendants had an opportunity to inspect plaintiffs' property, and they cannot now attempt to delay the trial of this case because they failed to inspect a certain item or request a second inspection prior to the deadline for completing discovery. Defendants submit

nothing that suggests the purpose for inspecting the property did not exist before the discovery deadline.[1]

After reviewing and considering the parties' arguments, the Court cannot discern how defendants would be prejudiced by commencing the trial of this case as scheduled. Indeed, "[w]here a trial date has been set for some time and a continuance is requested shortly before trial, the court may deny the continuance." *Heller Fin., Inc. v. Pandhi*, 888 F.2d 1391, 1989 WL 136091, at *3 (6th Cir. Nov. 9, 1989) (unpublished) (citing *Mull v. Marathon Oil Co.*, 658 F.2d 386 (5th Cir. 1981)).

## V. Conclusion

For the reasons set forth above, the Court denies defendants' Motion to Continue [Doc. 59] and defendants' Supplement to Defendants' Motion to Continue [Doc. 61]. The trial in this case will proceed as scheduled on October 25, 2010.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE

---

[1] Defendants also point out that they did not object when plaintiffs previously requested an extension of deadlines and the Court granted such. Such point, however, is irrelevant to the pending motion. Nevertheless, the current request for a continuance is distinguishable because plaintiffs oppose defendants' request.